**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00192-MR**

| | |
|---|---|
| AGIO INTERNATIONAL COMPANY, LTD., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZHEJIANG LONGDA FORCE CO. )<br>LTD. and JMH TRADING )<br>INTERNATIONAL MANAGEMENT, )<br>LLC d/b/a WORLD SOURCE, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion and Memorandum in Support to File under Seal Certain Confidential Information [Doc. 48].

The Plaintiff moves for leave to file under seal portions of its Memorandum of Law in Support of its Motion for Default Judgment and certain exhibits thereto. [See Doc. 50: Provisionally Sealed Memorandum and Exhibits].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749

F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed its motion on March 1, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff

2

has demonstrated that the memorandum and exhibits reference confidential financial information related to the Plaintiff's sales and profits, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.

Having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these exhibits is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these materials.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 48] is **GRANTED**, and the Memorandum and Exhibits filed as Document 50 in this action shall be filed under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: March 5, 2019

Martin Reidinger
United States District Judge