# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00192-MR

| | |
|---|---|
| AGIO INTERNATIONAL COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> ZHEJIANG LONGDA FORCE CO., LTD. and JMH TRADING INTERNATIONAL MANAGEMENT, LLC, d/b/a WORLD SOURCE, <br><br> Defendants. | **ORDER AND** <br> **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 49].

## I. PROCEDURAL BACKGROUND

On September 1, 2015, the Plaintiff Agio International Company, Ltd. ("Agio") filed its original complaint against the Defendant JMH Trading International Management LLC d/b/a World Source ("JMH"),[1] asserting a claim of infringement of U.S. Patent No. 6,585,323 ("the '323 Patent"). [Doc.

---

[1] On October 9, 2018, Agio and JMH entered into a Confidential Settlement Agreement and Release, and JMH is no longer a defendant in the above-captioned action. [See Doc. 43].

1]. On December 29, 2015, Agio filed an Amended Complaint, adding Zhejiang Longda Force Co. Ltd. ("Longda"), a Chinese company, as a defendant and amending its patent infringement claim to include U.S. Patent 6,293,624 ("the '624 Patent"). [Doc. 5].

Longda refused to waive service of process under Federal Rule of Civil Procedure 4(d). Accordingly, Agio initiated formal service of process of the Summons and the Amended Complaint pursuant to the Hague Convention, to which the People's Republic of China is a signatory. [See Doc. 26-1]. Despite Agio's extensive and repeated efforts to effectuate service, Longda failed to file a responsive pleading or otherwise participate in the above-captioned action.

On February 15, 2017, Agio moved for the entry of default against Longda for failure to answer or otherwise plead in response to Agio's Amended Complaint. [Doc. 26]. On February 16, 2017, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Longda. [Doc. 27].

The claim having been resolved against all other parties, Agio now moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for default judgment against Longda, seeking the following relief: (1) a finding that Longda is liable for patent infringement; (2) an award of compensatory

damages based on Agio's lost profits; (3) an award of treble damages based on Longda's egregious and willful infringement; (4) an award of attorney fees on the grounds that this case is "exceptional"; and (5) an award of costs, prejudgment interest, and post-judgment interest.

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact...." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether

the facts as alleged state a claim for relief. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of Agio's Amended Complaint having been deemed admitted by virtue of Longda's default, the following is a summary of the relevant facts.

Agio is an industry-leading designer, manufacturer, and distributor of outdoor furniture items, including chairs, tables, and other usable products. [Doc. 5 at ¶ 2]. Agio is the assignee of the '624 Patent and the '323 Patent (collectively, "the patents-in-suit" or "Agio's patents"). [Id. at ¶ 3]. Agio owns all rights, title, and interest in and to the patents-in-suit, including the right to sue for infringement. [Id. at ¶¶ 21-22].

Longda is also a manufacturer and distributor of outdoor garden furniture, considerable amounts of which are exported to the United States, including to North Carolina. [Doc. 5 at ¶¶ 4-5, 7-8]. For more than fifteen years, Longda has manufactured and distributed sling chairs that infringe Agio's patents. Since May of 2003, Longda has had actual notice of Agio's '624 Patent and has known its sling chairs infringed the '624 Patent but has continued to sell and distribute its infringing sling chairs despite this knowledge. [Id. at ¶¶ 31-33].

4

In 2002, Agio filed a complaint in the United States District Court for the Northern District of Illinois for infringement of the '624 Patent. See Agio Int'l Co. v. Hansen Int'l Inc., No. 1:02-cv-06242 (N.D. Ill. Aug. 30, 2002). On April 22, 2003, the Northern District of Illinois issued a Permanent Injunction Order (hereinafter, "the Hansen Permanent Injunction"), enjoining the defendants in that action "from manufacturing, using, selling, offering for sale, promoting, distributing, displaying in any medium or otherwise disposing of" any sling chair "with the same accused structure" that infringes Agio's patent. [Doc. 5-3 at 5]. The Hansen Permanent Injunction also enjoined "those persons in active concert or participation with [the defendants] who receive actual notice of the Permanent Injunction Order…." [Doc. 5 at ¶ 31; Doc. 5-3 at 5].

While not a named defendant in the Hansen litigation, Longda supplied the infringing furniture at issue in Hansen. [Doc. 5 at ¶ 32]. Agio provided notice of the Hansen Permanent Injunction to Longda in May 2003. [Id.]. Longda nevertheless began selling and supplying infringing chairs to JMH at its facility in Candler, North Carolina. [Id. at ¶ 33; Declaration of John Mark Hudson ("JMH Aff."), Doc. 50-1 at ¶ 3]. Specifically, between 2011 and 2014, Longda profited by selling to JMH 22,478 infringing chairs, as well as 1,626

5

tables, which tables were sold together with the chairs in question as functional units. [See JMH Aff., Doc. 50-1 at ¶¶ 5, 6].

Since Agio initiated the above-captioned action, Longda has repeatedly refused to participate in this litigation despite Agio's repeated efforts to put them on notice of the action and prompt Longda to participate. [See Declaration of Craig L. Mytelka ("Mytelka Decl."), Doc. 51-1]. In February 2016, working with a law firm in China, counsel for Agio provided Longda with translated copies of the Summons, Amended Complaint, and Exhibits, as well as a Waiver of Service Form. [Id. at ¶ 6]. Longda responded that it was not willing to sign the waiver but wished to nonetheless receive any documents related to the case. [Id. at ¶ 7]. Agio made every effort to obtain service under the Hague Convention, and the Chinese law firm later sent a letter warning Longda that Agio would soon commence default proceedings. [Id. at ¶ 10]. Longda's refusal to participate in this litigation continues to the present date.

## III. DISCUSSION

### A. Jurisdiction is Proper.

District courts have "original jurisdiction of any civil action arising under any Act of Congress relating to patents…." 28 U.S.C. § 1338(a); see also 28 U.S.C. § 1331. Accordingly, the Court has subject matter jurisdiction over

the above-captioned civil action as it was brought by Agio against Longda for patent infringement pursuant to the Patent Act, 35 U.S.C. §§ 1 *et seq.* [Doc. 5 at ¶¶ 15-16].

The Court also has specific personal jurisdiction over Longda as required to render a valid default judgment. Federal Circuit law governs the exercise of personal jurisdiction in patent infringement cases. See Rates Tech., Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed. Cir. 2005). Under Federal Circuit law, whether specific jurisdiction exists requires the Court to determine whether "(1) the defendant purposefully directed its activities to the forum State; (2) the claims arise out of or relate to those activities (collectively, the minimum contacts prong); and (3) the assertion of jurisdiction is reasonable and fair." NexLearn, LLC v. Allen Interactions, Inc., 859 F.3d 1371, 1376 (Fed. Cir. 2017). Agio's Amended Complaint contains jurisdictional facts sufficient to support the exercise of personal jurisdiction by setting forth that: (1) Longda has done business within North Carolina [Doc. 5 at ¶ 8] and (2) Longda committed infringement in North Carolina, including within this district, by supplying infringing chairs to JMH [Doc. 5 at ¶¶ 12, 14, 17]. Given such contact with the forum, Longda should have reasonably anticipated being haled into court here.

Agio has complied with its obligations to effectuate service of process through its efforts to serve Longda in China pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention. [Doc. 26-1; see also Mytelka Decl., Doc. 51-1]. Finally, venue is proper under 28 U.S.C. § 1391(b)-(c) and 28 U.S.C. § 1400(b).

**B.     Longda is Liable for Patent Infringement.**

Under the Patent Act, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Direct infringement "require[s] not more than the unauthorized use of a patented invention." Global-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 761 n.2 (2011) (citations omitted). Indirect infringement occurs when an infringer induces another party to commit direct infringement. 35 U.S.C. § 271(b). Indirect infringement requires that the infringer know that "the induced acts constitute patent infringement." Global-Tech, 563 U.S. at 766. The facts alleged must support the inference that "the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citation and internal quotation marks omitted).

Agio's Amended Complaint contains factual allegations sufficient to find Longda liable for both direct and indirect patent infringement. First, the Amended Complaint affirmatively states that Agio is the assignee of the patents-in-suit. [Doc. 5 at ¶¶ 21-22]. Second, the Amended Complaint details how the chairs sold by Longda and JMH infringe the patents-in-suit. [Doc. 5 at ¶¶ 27-28]. Third, the Amended Complaint details Longda's infringing activity and JMH's infringing activity. [Doc. 5 at ¶¶ 28-30]. Fourth, the Amended Complaint particularizes the extent to which Longda had knowledge of at least one of the patents-in-suit and continued to sell infringing chairs for distribution within the United States in violation of the Hansen Permanent Injunction. [Doc. 5 at ¶¶ 31-35]. The Amended Complaint thus supports the inference that Longda specifically intended to induce JMH to infringe because Longda knowingly sold infringing chairs to JMH, and Longda knew that JMH's subsequent sales activity related to the sling chairs would constitute infringement. Accordingly, the admitted factual allegations of the Amended Complaint establish that Longda directly infringed Agio's patents and intentionally induced JMH's infringement.

### C. Agio is Awarded Damages.

For Longda's repeated and intentional infringement, Agio seeks an award of compensatory damages, enhanced damages, attorneys' fees, costs, prejudgment interest, and post-judgment interest. [Doc. 5 at ¶¶ C-E].

#### 1. Compensatory Damages

Under 35 U.S.C. § 284, the Court may award damages adequate to compensate Agio for the infringement of its patent rights. Compensatory damages may be calculated using Agio's lost profits. See generally Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1545-49 (Fed. Cir. 1995). A patent owner need only prove lost profits to a reasonable degree of probability. See, e.g., Del Mar Avionics, Inc. v. Quinton Instrument Co., 836 F.2d 1320, 1326-27 (Fed. Cir. 1987). When damages cannot be calculated with precision because of the absence of evidence from an infringer, then any resulting ambiguity should be construed against the infringer. See Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1572 (Fed. Cir. 1996).

Evidence of lost profits is sufficient when a plaintiff "show(s) a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer" by establishing: "(1) demand for the patented product; (2) absence of acceptable non-infringing substitutes; (3) manufacturing and marketing capability to exploit the demand; and (4) the

amount of profit it would have made." Rite-Hite, 56 F.3d at 1545; see also Georgetown Rail Equip. Co. v. Holland L.P., 867 F.3d 1229, 1241 (Fed. Cir. 2017) (upholding district court's application of the same four-factor test to award lost profits).  Finally, lost profits may encompass sales of related products sold together with infringing products (also known as convoyed sales) if the patented product and related products constitute a functional unit and loss from related sales is reasonably foreseeable. See, e.g., Juicy Whip, Inc. v. Orange Bang, Inc., 382 F.3d 1367, 1372-73 (Fed. Cir. 2004) (vacating and remanding after finding that the district court should have permitted patentee to present evidence of lost profits based on sales of unpatented syrup to be used with the patented juice dispenser).

Agio has established that Longda sold 22,478 infringing chairs and 1,626 tables as related products to JMH between 2011 to 2014. [JMH Aff., Doc. 50-1 at ¶¶ 5-6]. Agio has further established that, but for Longda's infringement, Agio would have profited from all these sales. [See Declaration of Haidy Lee dated March 1, 2019 ("Lee Decl."), Doc. 50-2 at ¶¶ 6-12; JMH Aff., Doc. 51-1]. Finally, Agio has established that its total lost profits, encompassing both lost profits from patented sling chair sales and lost profits from tables as related product sales, equal $1,016,306.18. Therefore, the

Court will award Agio $1,016,306.18 in compensatory damages for lost profits.

## 2. Treble Damages

Under 35 U.S.C. § 284, the Court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. There is no "rigid formula" for awarding such damages; rather, the Court has "discretion in meting out enhanced damages." Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1934 (2016). Indeed, "subjective willfulness alone -- i.e., proof that the defendant acted despite a risk of infringement that was either known or so obvious that that it should have been known to the accused infringer -- can support an award of enhanced damages." WesternGeco LLC v. ION Geophysical Corp., 837 F.3d 1358, 1362 (Fed. Cir. 2016) (internal citations omitted), rev'd on other grounds, 138 S. Ct. 2129 (2018) (assessing the extraterritorial reach of U.S. patent laws).

When a defendant acts in direct and knowing contravention of an injunction order, the defendant demonstrates the type of subjective willfulness that warrants enhanced damages. See, e.g., R-BOC Representatives, Inc. v. Minemyer, 233 F. Supp. 3d 647, 689 (N.D. Ill. 2017) (ordering treble damages when defendants ignored an injunction), aff'd, 726 F. App'x 821 (Fed. Cir. 2018); Forever Founds. & Frame, LLC v. Optional

Prods. LLC, No. SA CV 13-1779-DOC, 2014 WL 12585800, at *5 (C.D. Cal. Dec. 19, 2014) (awarding treble damages in default judgment where defendant willfully infringed the patent by "deliberately ignoring [the] lawsuit and refusing to appear").

When Longda infringed Agio's patents, it did so in deliberate and direct violation of the Hansen Permanent Injunction. [Doc. 5 at ¶¶ 31-35]. While Longda received notice of Agio's patent rights and of an applicable permanent injunction in May 2003, it continued to infringe Agio's patent rights for more than a decade after it knew selling and distributing its sling chairs constituted infringement and violated an injunction order from a United States federal court. Further, Longda has refused to participate in the present litigation. For these reasons, the Court concludes that an award of treble damages for Longda's willful infringement is appropriate.

### 3. Attorneys' Fees

Under 35 U.S.C. § 285, the Court may award attorney fees in "exceptional cases." 35 U.S.C. § 285. Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756-57 (2014). Willful infringement may qualify a case as exceptional. Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001); see also Whitserve, LLC v. Computer Packages, Inc., 694 F.3d 10, 37 (Fed. Cir. 2012) ("Although an

attorney fee award is not mandatory when willful infringement has been found, precedent establishes that the court should explain its decision not to award attorney fees [in cases of willful infringement].") (citation omitted). Attorney fees should be awarded for "willful disobedience of a court order" or "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Octane Fitness, 134 S. Ct. at 1758.

Here, Longda's failure to participate in the current litigation despite repeatedly receiving notice of the above-captioned action combined with its willful infringement of Agio's patents, spanning over a decade and in violation of an existing permanent injunction order barring identical infringing behavior, render this case exceptional and warrant the award of attorney's fees. See KX Tech LLC v. Dilmen LLC, No. 3:16CV00745(CSH), 2017 WL 2798248, at *6-7 (D. Conn. July 13, 2017) (awarding attorney's fees after finding the case exceptional because defaulted defendant "frustrated the litigation process by failing to participate" and "continued to offer the infringing product after receiving notice of the infringement"); CarMax Auto Superstores, Inc. v. StarMax Fin., Inc., 192 F. Supp. 3d 1279, 1284 (M.D. Fla. 2016) (awarding fees after noting the defendant's continued infringement of plaintiff's trademarks "despite years of pre-suit notification

14

and communication, initiation of a federal lawsuit, the entry of default judgment, and a Court-issued injunction").

In sum, Longda's conduct before and during this litigation renders this case exceptional and entitles Agio to attorney fees. Agio shall submit a fee application within fourteen (14) days of the entry of this Judgment pursuant to Fed. R. Civ. P. 54(d)(2).

### 4. Costs

Section 284 of the Patent Act provides that "[u]pon finding for the claimant the court shall award the claimant damages . . . together with . . . costs as fixed by the court." 35 U.S.C. § 284; see also Fed. R. Civ. P. 54(d)(1). Therefore, Agio is entitled to recover costs incurred in litigating this action. Agio shall submit a bill of costs following the entry of judgment in this action.

### 5. Prejudgment Interest

Under 35 U.S.C. § 284, courts are directed to award a prevailing claimant "damages adequate to compensate for the infringement. . . with interest." 35 U.S.C. § 284. "[P]rejudgment interest is the rule, not the exception," and "prejudgment interest in patent cases is withheld only under exceptional circumstances." Sensonics, Inc. v. Aerosonic Corp., 81 F.3d

1566, 1574 (Fed. Cir. 1996). Here, there appear to be no circumstances that would make it inappropriate to award prejudgment interest.

Ordinarily, where prejudgment interest can be awarded, simple interest rather than compound interest is the appropriate remedy. In a case such as this one, however, where the infringing party has acted wrongfully over such an extended period of time and in direct contravention of a court order, compound interest can be properly awarded. See Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc., 862 F.2d 1564, 1579-80 (Fed. Cir. 1988) (holding that award of quarterly compounding of prejudgment interest was matter within trial court's discretion).

Prejudgment interest, compounded quarterly, should accrue on compensatory damages from the first date of infringement until the date of the judgment. See Nickson Indus., Inc. v. Rol Mfg. Co., Ltd., 847 F.2d 795, 800 (Fed. Cir. 1988). Courts are "afforded 'wide latitude' in selecting a prejudgment interest rate." ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., No. 2:10cv248, 2011 WL 4899922, at *3 (E.D. Va. Oct. 14, 2011), aff'd 694 F.3d 1312 (Fed. Cir. 2012) (citation omitted). However, "use of the prime rate [may] be the most appropriate rate to be applied, as that prime rate most 'closely approximates the yield that [Agio] would have expected had it received [compensation for the infringement in real time] and

reinvested [such compensation].'" Sociedad Espanola de Electromedicina y Calidad, S.A. v. Blue Ridge X-Ray Co, Inc., 226 F. Supp. 3d 520, 536 (W.D.N.C. 2016) (quoting Boeing Co. v. United States, 86 F. Cl. 303, 323 (2009)) (footnote omitted).

For these reasons, the Court finds that an award of prejudgment interest is appropriate. Therefore, the Court will apply prejudgment interest to Agio's compensatory damages, at the applicable prime rate compounded quarterly from 2011 to the present, in the amount of $258,413.78. [See Declaration of Janet M. Smith dated March 1, 2019 ("Smith Decl."), Doc. 50-3 at ¶ 8].

### 6. Post-Judgment Interest

Post-judgment interest is mandatory under 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. 1961(a); see also Mathis v. Spears, 857 F.2d 749, 760 (Fed. Cir. 1988) ("Interest on an attorney fee award thus runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum."); accord Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990) ("The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time

17

between the ascertainment of the damages and the payment by the defendant"). Post-judgment "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding . . . the date of the judgment." 28 U.S.C. § 1961(a). Likewise, "[i]nterest shall be computed daily to the date of payment." 28 U.S.C. § 1961(b).

## IV. CONCLUSION

Agio has established Longda's liability for patent infringement and the amount of damages to which it is entitled. Accordingly, the Court will enter default judgment against Longda and award Agio compensatory damages, treble damages, attorney's fees, costs, and interest. Within fourteen (14) days of the entry of this Order, Agio shall submit evidence supporting a discrete amount in reasonable attorney fees and fixed costs.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 49] is **GRANTED**, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

(1) The Defendant Zhejiang Longda Forge Co. Ltd. is liable for infringement of the Plaintiff's patents, U.S. Patent Nos. 6,293,624 and 6,585,323.

(2) The Plaintiff is hereby awarded compensatory damages based on lost profits in the amount of $1,016,306.18, which due to the Defendant's willful infringement, are hereby trebled to $3,048,918.54.

(3) The Defendant's willful infringement and refusal to appear in this case render this case exceptional under 35 U.S.C. § 285. The Court therefore awards reasonable attorney's fees in an amount to be determined.

(4) The Court hereby awards the Plaintiff costs in an amount to be determined.

(5) The Court hereby awards Plaintiff prejudgment interest in the amount of $258,413.78.

(6) The Court hereby awards Plaintiff post-judgment interest calculated consistent with 28 U.S.C. § 1961.

(7) Within fourteen (14) days of the entry of this Order, Agio shall submit evidence supporting a discrete amount in reasonable attorney fees and fixed costs.

**IT IS SO ORDERED.**

Signed: March 21, 2019

Martin Reidinger
United States District Judge