# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00192-MR

| | |
|---|---|
| AGIO INTERNATIONAL COMPANY, LTD., ) ) Plaintiff, ) ) vs. ) ) ZHEJIANG LONGDA FORCE CO., LTD. and JMH TRADING INTERNATIONAL MANAGEMENT, LLC, d/b/a WORLD SOURCE, ) ) Defendants. ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to File under Seal Certain Confidential Information [Doc. 55].

The Plaintiff has moved for an award of attorneys' fees and costs incurred in pursuing its claim for patent infringement against the Defendant Zhejiang Longda Forge Co. Ltd. ("Longda"). [Doc. 56]. In order to substantiate the reasonableness of the claimed fees, the Plaintiff has submitted the Declarations of Craig Mytelka ("Mytelka Declaration") and J. Douglas Grimes ("Grimes Declaration"), as well as certain exhibits thereto. These Declarations reference the rates charged by Williams Mullen

attorneys. Attached to the Mytelka Declaration are the billing records of those attorneys. [Doc. 57: Mytelka Decl., Exs. 2, 3, 5].

The Plaintiff seeks to seal the billing invoices, as well as those portions of the Declarations referencing the hourly rates charged by Williams Mullen attorneys, on the grounds that such materials constitute "confidential proprietary business information and [are] related to relevant time entries that may reveal work product and privileged information." [Doc. 55 at 4].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Here, the Plaintiff has demonstrated that the billing records attached to the Mytleka Declaration may reveal confidential and privileged information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. The Fourth Circuit has recognized that attorney time records can contain privileged information. See Chaudry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) (quoting Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) (noting that time records can "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law")).

The Plaintiff has failed to demonstrate, however, that the attorneys' hourly billing rates constitute "confidential propriety business information"

which should be shielded from public disclosure. Accordingly, while the Court will permit the billing invoices to be filed under seal, the Court will deny the Plaintiff's request to seal those portions of the Mytelka and Grimes Declarations which reference the Williams Mullen attorneys' hourly rates.

The Court finds that the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed the present motion on April 4, 2019, and they have been accessible to the public through the Court's electronic case filing system since that time. Finally, having considered less drastic alternatives to sealing the billing invoices, the Court concludes that the permanent sealing of these records is narrowly tailored to serve the interest of protecting the confidentiality of the information contained therein.

For all these reasons, the Plaintiff's motion to seal is granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Motion to File under Seal Certain Confidential Information [Doc. 55] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** to the extent that the billing invoices submitted as exhibits to the Mytelka Declaration shall be filed under seal and shall remain under seal until further order of this Court. The Motion is

**DENIED** to the extent that the Plaintiff seeks to file any portions of the Mytelka and Grimes Declarations under seal.

(2) The Plaintiff shall have fourteen (14) days to file unredacted versions of the Mytelka and Grimes Declarations.

**IT IS SO ORDERED.**

Signed: April 10, 2019

Martin Reidinger
United States District Judge