**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00192-MR**

| | |
|---|---|
| AGIO INTERNATIONAL COMPANY, LTD., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ZHEJIANG LONGDA FORCE CO., LTD. and JMH TRADING INTERNATIONAL MANAGEMENT, LLC, d/b/a WORLD SOURCE, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney's Fees and Costs [Doc. 56].

## I.  PROCEDURAL BACKGROUND

On September 1, 2015, the Plaintiff Agio International Company, Ltd. ("Agio") filed its original complaint against the Defendant JMH Trading International Management LLC d/b/a World Source ("JMH"),[1] asserting a claim of infringement of U.S. Patent No. 6,585,323 ("the '323 Patent"). [Doc. 1]. On December 29, 2015, Agio filed an Amended Complaint, adding

---

[1] Agio dismissed its claims against JMH on October 9, 2018. [See Doc. 43].

Zhejiang Longda Force Co. Ltd. ("Longda"), a Chinese company, as a defendant and amending its patent infringement claim to include U.S. Patent 6,293,624 ("the '624 Patent"). [Doc. 5].

Longda refused to waive service of process under Federal Rule of Civil Procedure 4(d). Accordingly, Agio initiated formal service of process of the Summons and the Amended Complaint pursuant to the Hague Convention, to which the People's Republic of China is a signatory. [See Doc. 26-1]. Despite Agio's extensive and repeated efforts to effectuate service, Longda failed to file a responsive pleading or otherwise participate in the above-captioned action.

On February 15, 2017, Agio moved for the entry of default against Longda for failure to answer or otherwise plead in response to Agio's Amended Complaint. [Doc. 26]. On February 16, 2017, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Longda. [Doc. 27].

On March 1, 2019, Agio filed its Motion for Default Judgment against Longda, requesting relief that included reasonable attorneys' fees and costs. [Doc. 49]. On March 21, 2019, the Court granted Agio's motion and entered a default judgment against Longda. [Doc. 53]. In pertinent part, the Court granted Agio an award of attorneys' fees and costs and directed Agio to

"submit evidence supporting a discrete amount in reasonable fees and fixed costs." [Id. at 19]. Agio filed its present motion on April 4, 2019, seeking an award of attorneys' fees in the amount of $108,114.00 and an award of costs in the amount of $1,944.01. [Doc. 56].

## II. DISCUSSION

### A. Attorneys' Fees

In calculating an award of attorneys' fees, the Court typically applies the lodestar method, "which provides a presumptively reasonable fee amount, by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551 (2010)) (internal citation omitted). The burden is on the fee applicant to justify the reasonableness of the requested fee. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In exercising its discretion in the application of this lodestar method, the Court is guided by the following factors, known within the Fourth Circuit as the "Johnson factors":

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the

> litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (quoting Spell v. McDaniel, 824 F.2d 1380, 1402 n.18 (4th Cir. 1987)) (applying 12-factor test set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)). "Although the Court considers all of the factors, they need not be strictly applied in every case inasmuch as all of the factors are not always applicable." Firehouse Restaurant Group, Inc. v. Scurmont, LLC, No. 4:09-cv-00618-RBH, 2011 WL 4943889, at *12 (D.S.C. Oct. 17, 2011) (citing EEOC v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990)). The Court addresses the relevant Johnson factors below.

### 1. Time and Labor Expended

The time and effort required to effectuate service of process on Longda, to secure entry of default against Longda, and to seek default judgment against Longda proved to be substantial. [See Mytelka Decl., Doc. 59]. Longda's unwillingness to waive service or enter an appearance in the above-captioned action required Agio to exhaust all avenues for service of process and to carefully document those efforts to secure entry of default.

Likewise, Agio's counsel expended substantial time in briefing all the issues implicated in establishing Agio's entitlement to a default judgment against Longda and each form of relief requested. The Court has carefully reviewed the billing records submitted by Agio [Doc. 57] and finds that the time expended by its attorneys in attempting service of process on Longda, seeking an entry of default against Longda, and securing a default judgment against Longda was necessary and reasonable.

### 2. Opportunity Costs of Litigation

If Agio's counsel had not expended time in pursuit of Longda for patent infringement, counsel would have had time to commit to other litigation matters. See Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC, 747 F. Supp. 2d 568, 596 (W.D.N.C. 2010) ("the attorneys' opportunity costs include the higher rates they would have otherwise charged in other cases and projects"). Accordingly, this factor weighs in favor of the reasonableness of the requested award.

### 3. Customary Fee for Similar Work

As the Fourth Circuit has recognized:

> Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate. In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the

> prevailing market rates in the relevant community for the type of work for which he seeks an award. Although the determination of a market rate in the legal profession is inherently problematic, as wide variations in skill and reputation render the usual laws of supply and demand largely inapplicable, the Court has nonetheless emphasized that market rate should guide the fee inquiry.

Robinson v. Equifax Info. Svcs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (quoting Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990)). In addition to consideration of specific evidence regarding the prevailing market rate, the Court may rely upon its own knowledge and experience of the relevant market -- which in this case would be intellectual property litigators in the Asheville, North Carolina area-- in determining a reasonable rate. See Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994) ("[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate."). The Court may also consider professional surveys, such as the Report of the Economic Survey of the American Intellectual Property Law Association ("AIPLA"), in determining the reasonableness of billing rates. See Mathis v. Spears, 857 F.2d 749, 755-56 (Fed. Cir. 1988).

Upon review of the Declarations [Docs. 59, 59-1] and the 2016 AIPLA survey [Doc. 56-2 at 28] submitted by Agio, the Court finds that the attorneys' fees Agio paid were well within the prevailing local market rate for similar

patent litigation. Accordingly, the Court finds that this factor weighs in favor of a finding of reasonableness.

### 4. Amount Involved and Results Obtained

This action involved a substantial amount in controversy and Agio's counsel obtained favorable results. In granting default judgment against Longda, the Court awarded treble damages in the amount of $3,048,918.54 in addition to $258,413.78 in prejudgment interest. [Doc. 53 at 19]. Agio's requests for attorneys' fees in the amount of $108,114.00 is modest and reasonable in view of the relief obtained.

### 5. Experience, Reputation, and Ability of Counsel

As discussed in the Mytelka Declaration [Doc. 59] and the Grimes Declaration [Doc. 59-1], each Williams Mullen attorney that billed time on Agio's patent infringement suit against Longda is a capable attorney that focuses, exclusively or in large part, on intellectual property litigation. This factor also weighs in favor of a finding of reasonableness.

After consideration of all the above factors, the Court concludes that the lodestar figure results in a reasonable award. Accordingly, the Court will award Agio a total of $108,114.00 in attorneys' fees pursuant to 35 U.S.C. § 285.

**B.     Costs**

Agio seeks an award of $1,944.01 in costs and has submitted an itemized invoice in support of that request. [See Doc. 57]. The Court finds the requested costs to be reasonable and therefore awards Agio $1,944.01 in costs. See 28 U.S.C. § 1920.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees and Costs [Doc. 56] is **GRANTED**, and the Plaintiff is hereby awarded $108,114.00 in attorneys' fees and $1,944.01 in costs.

**IT IS SO ORDERED.**

Signed: June 20, 2019

Martin Reidinger
United States District Judge